1  NATE A. GARHART (CA Bar No. 196872)
   (nate@cobaltlaw.com)
2  VIJAY K. TOKE (CA Bar No. 215079)
   (vijay@cobaltlaw.com)
3  AMANDA R. CONLEY (CA Bar No. 281270)
   (amanda@cobaltlaw.com)
4
   COBALT LLP
5  918 Parker Street, Bldg. A21
   Berkeley, CA 94710
6  Telephone: (510) 841-9800
   Facsimile: (510) 295-2401
7
   Attorneys for Plaintiff
8  THE WAVE STUDIO, LLC

9
                    **UNITED STATES DISTRICT COURT**
10
                  **NORTHERN DISTRICT OF CALIFORNIA**
11
                     **SAN FRANCISCO DIVISION**
12

13

14  THE WAVE STUDIO, LLC, a New York          Case No.: 3:15-CV-00239-JSC
    Limited Liability Company,

15          Plaintiff,                         **PLAINTIFF THE WAVE STUDIO, LLC'S**
                                               **CASE MANAGEMENT STATEMENT**
16       v.

17  VISA INC., a Delaware Corporation, and DOES
    1-100,

18          Defendants.

19

20

21       Plaintiff The Wave Studio, LLC submits this CASE MANAGEMENT STATEMENT &

22  PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of

23  California dated July 1, 2011 and Civil Local Rule 16-9.

24       1.    Jurisdiction and Service

25       The Complaint alleges a claim for relief under the copyright laws of the United States, Title

26  17 of the United States Code.  Therefore, this Court has subject matter jurisdiction over these claims

27  pursuant to 28 U.S.C. §§ 1331 and 1338.  This Court has personal jurisdiction over Defendant Visa,

28  Inc. ("Visa") because Visa has its principal place of business in this District, has done and continues

PLAINTIFF THE WAVE STUDIO, LLC'S CASE MANAGEMENT STATEMENT

1   to do business in this District, including but not limited to entering into contracts with entities in

2   this District and offering their services throughout this District.

3          Since the filing of the complaint, the parties have been discussing an amicable resolution of

4   this action.  However, because such discussions have not yet yielded any such resolution, Plaintiff

5   served Visa with the complaint on April 3, 2015, with a stipulated deadline to answer of May 4,

6   2015.  The parties are also discussing a potential stipulation for a transfer to the Southern District of

7   New York.  Therefore, Plaintiff respectfully requests that this Court continue the Case Management

8   Conference currently scheduled for April 23, 2015, and all related deadlines for compliance with

9   Federal Rules of Civil Procedure 16 and 26, Local Rule 16-9, and Judge Corley's Standing Orders,

10  for 60 days.  This continuance will afford Visa the opportunity to file a responsive pleading and the

11  parties the time to resolve issues of transfer and explore further settlement options.

12         If the court would prefer or otherwise requires that Plaintiff file a motion to continue the

13  Case Management Conference of April 23, 2015 pursuant to Civil Local Rule 16-2, Plaintiff will do

14  so upon the Court's request.

15         2.     Facts

16         This action involves registered copyrights owned by Plaintiff for works of authorship,

17  namely photographs.  Plaintiff has over 25 registrations with the U.S. Copyright Office covering

18  over 2,000 photographs.  As described in further detail in the complaint, Plaintiff alleges that

19  Defendant Visa has infringed Plaintiff's copyright rights by displaying numerous photographs

20  belonging to Plaintiff without Plaintiff's authorization on websites owned or operated by Visa or on

21  its behalf in the United States.

22         3.     Legal Issues

23         Plaintiff believes that the issues in this case are fairly straightforward.  Based on its current

24  understanding of the facts, Plaintiff believes the following legal issues will be presented in this case:

25         • Plaintiff's ownership of the copyright-protected works

26         • Whether Visa has infringed various copyright-protected works owned by Plaintiff

27         • Whether Visa had some other right or license to use the photographs at issue for the

28           specific use by Visa

PLAINTIFF THE WAVE STUDIO, LLC'S CASE MANAGEMENT STATEMENT

1       4.     Motions

2       Because Visa has only just been served with the complaint, Plaintiff cannot predict with any

3 certainty all motion practice that will be necessary in this action.  However, Plaintiff anticipates that

4 if the parties cannot agree on a stipulated transfer of this action to the Southern District of New

5 York, Visa will file a motion for such relief.

6       5.     Amendment of Pleadings

7       At this time, Plaintiff does not anticipate amending the pleadings, other than to name any

8 Doe defendants and/or any additional infringed works identified through discovery.

9       6.     Evidence Preservation

10       Plaintiff has taken steps to preserve evidence relevant to the issues reasonably evident in this

11 action, including interdiction of any document destruction program and any ongoing erasure of

12 emails, voice mails and other electronically recorded materials.

13       7.     Disclosures

14       Because Visa has only just been served with the complaint, the parties have not engaged in a

15 Rule 26(f) conference and have not had the opportunity to discuss the timing of initial disclosures.

16       8.     Discovery

17       Because Visa has only just been served with the complaint, the parties have not engaged in a

18 Rule 26(f) conference and have not had the opportunity to discuss a discovery plan.

19       9.     Class Actions

20       This is not a class action.

21       10.    Related Cases

22       Plaintiff is involved in a number of copyright litigation matters pending in this District

23 against various defendants:

24       1.     *The Wave Studio, LLC v. AOL Inc., et al.*
             3:15-cv-00814-SI

25

      2.     *The Wave Studio, LLC v. United Airlines, Inc.*

26              4:15-cv-00818-YGR

27       3.     *The Wave Studio, LLC v. Virgin America Inc., et al.*
             3:15-cv-00952-MMC

28 ///

PLAINTIFF THE WAVE STUDIO, LLC'S CASE MANAGEMENT STATEMENT

1    4.    *The Wave Studio, LLC v. American Express Company*
            3:15-cv-00354-WHA

2
     5.    *The Wave Studio, LLC v. Amadeus North America, Inc., et al.*
3           3:15-cv-01364-LB

4    6.    *The Wave Studio, LLC v. British Airways PLC, et al.*
            5:15-cv-01341-LHK
5

6        Each of the above actions involves the same body of photographic works covered by

7    Plaintiff's copyright registrations, but they involved different parties who have each infringed

8    various different (though sometimes overlapping) photographs covered by those registrations.

9    Hence, Plaintiff views these cases as separate acts of infringement by various parties.  Therefore,

10   though the cases all involve the same copyright registrations, Plaintiff does not believe these cases

11   qualify as "Related Cases" within the definition of Civil Local Rule 3-12.

12       In addition, Plaintiff is currently involved in another action, styled *The Wave Studio v.*

13   *General Hotel Management, et al.*, S.D.N.Y. Case No. 7:13-cv-09239, currently pending in the

14   Southern District of New York ("GHM Litigation").  Like the pending copyright actions in

15   California, Plaintiff believes the GHM Litigation is a separate, non-related action because, while it

16   involves the same copyright registrations at issue in the California cases, it involves infringements

17   by wholly different, non-related entities, each of whom have infringed different copyright-registered

18   photographs.  However, Visa has represented that it received the infringing photographs from GHM

19   and that this case is more properly venued in the Southern District of New York and subject to

20   consolidation there.  However, even if that were true, Plaintiff does not believe this fact, if proved,

21   would render the GHM Litigation a Related Case under Civil Local Rule 3-12.

22       11.    Relief

23       Plaintiff seeks both injunctive relief and damages.  If available to it, Plaintiff reserves its

24   rights to opt for statutory damages under the Copyright Act.

25       12.    Settlement and ADR

26       The parties have discussed settlement but have not discussed ADR because Visa has only

27   recently been served with the complaint.

28   / / /

4

PLAINTIFF THE WAVE STUDIO, LLC'S CASE MANAGEMENT STATEMENT

1    13.    Consent to Magistrate Judge for All Purposes

2    Plaintiff has consented to the Magistrate Judge assigned to this case for all purposes in this

3 case.

4    14.    Other References

5    Because Visa has only just been served with the complaint, the parties have not discussed

6 whether this action is suitable for reference to binding arbitration, a special master, or to the Judicial

7 Panel on Multidistrict Litigation.  However, at this time Plaintiff does not believe this action is so

8 suitable.

9    15.    Narrowing of Issues

10    Because Visa has only just been served with the complaint, the parties have not had the

11 opportunity to discuss a narrowing of the issues in this case.

12    16.    Expedited Trial Procedure

13    Because Visa has only just been served with the complaint, the parties have not discussed

14 whether this action is suitable for an expedited trial schedule.  However, at this time Plaintiff does

15 not believe this action is so suitable.

16    17.    Scheduling

17    Because Visa has only just been served with the complaint, Plaintiff does not believe

18 discussing a schedule of deadlines is appropriate at this time.

19    18.    Trial

20    Because Visa has only just been served with the complaint, Plaintiff is not currently able to

21 provide a meaningful estimate of time that will be required for trial of this matter.

22    19.    Disclosure of Non-party Interested Entities or Persons

23    Plaintiff has filed its "Certification of Interested Entities or Persons," as required by Civil

24 Local Rule 3-16.  Because Visa has only just been served with the complaint, it has not yet done so.

25 / / /

26 / / /

27

28

PLAINTIFF THE WAVE STUDIO, LLC'S CASE MANAGEMENT STATEMENT

1      20.    <u>Professional Conduct</u>

2      Nothing at this time.

3      21.    <u>Other</u>

4      None.

5      DATED: April 16, 2015           COBALT LLP

6

7

8                              By:     /s/ Vijay K. Toke_____
                                    Vijay K. Toke

9                              Attorneys for Plaintiff
                            THE WAVE STUDIO, LLC

10

11

12                            <u>CASE MANAGEMENT ORDER</u>

13      Based on the CASE MANAGEMENT STATEMENT & PROPOSED ORDER filed by

14  Plaintiff on \_\_\_April 16_____, 2015, the Court hereby continues the Case Management

15  Conference for this case for 60 days until \_\_\_June 25_____, 2015 at \_\_1:30\_\_\_\_ ~~am~~/pm. All

16  related deadlines under Federal Rules of Civil Procedure 16 and 25 and applicable case

17  management and discovery local rules and standing orders shall be continued to accord with the

18  new conference date.

19

20      IT IS SO ORDERED.

21      Dated: April 17, 2015

22

23                    _____
                    Hon. Jacqueline Scott Corley

24                      UNITED STATES MAGISTRATE JUDGE

25

26

27

28

PLAINTIFF THE WAVE STUDIO, LLC'S CASE MANAGEMENT STATEMENT