✎ AO 121 (6/90)

| TO: | |
|---|---|
| Register of Copyrights<br>Copyright Office<br>Library of Congress<br>Washington, D.C. 20559 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION OR APPEAL<br>REGARDING A COPYRIGHT |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☐ ACTION ☐ APPEAL | COURT NAME AND LOCATION |
|---|---|
| DOCKET NO. | DATE FILED | |

| PLAINTIFF | DEFENDANT |
|---|---|
| | |

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OR WORK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading |
|---|---|

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | . | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☐ Order  ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes  ☐ No | DATE RENDERED |
|---|---|---|

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**DISTRIBUTION:**
1) Upon initiation of action, mail copy to Register of Copyrights
2) Upon filing of document adding copyright(s), mail copy to Register of Copyrights
3) Upon termination of action, mail copy to Register of Copyrights
4) In the event of an appeal, forward copy to Appellate Court
5) Case File Copy

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
THE WAVE STUDIO, LLC,

                Plaintiff,

       -against-

GENERAL HOTEL MANAGEMENT,
LTD., *et al.*,

                Defendant.
-------------------------------------------------------x

ORDER

13-CV-9239 (CS) (PED)

**This order also pertains to the following cases that are consolidated with the above-captioned case:**

**The Wave Studio LLC v. American Express Company, 15-CV-3420**
**The Wave Studio LLC v. Visa, Inc., 15-CV-4953**
**The Wave Studio LLC v. United Airlines, Inc., 15-CV-5392**
**The Wave Studio LLC v. Virgin America, Inc., *et al.*, 15-CV-5960**
**The Wave Studio LLC v. AOL Inc., *et al.*, 15-CV-5962**
**The Wave Studio LLC v. Amadeus North America, Inc., *et al.*, 15-CV-6995**
**The Wave Studio LLC v. British Airways, P.L.C., *et al.*, 15-CV-7950**
**The Wave Studio LLC v. Groupon, Inc., *et al.*, 17-CV-3589**

Seibel, J.

        The above-listed consolidated cases (the "consolidated cases") were stayed pending the outcome of the lead case, No. 13-CV-9239. By Opinion and Order dated March 10, 2017, (Doc. 209), I granted the summary judgment motion of Defendant General Hotel Management, Ltd. ("GHM") and dismissed Plaintiff's claims against it on *forum non conveniens* grounds. At that time I severed Plaintiff's claims against GHM to faciliate their dismissal, and maintained the stay of Plaintiff's claims against the Defendants other than GHM, as well as any cross-claims against GHM, pending resolution of Plaintiff's claims against GHM in Singapore. The Second Circuit affirmed that decision by summary order on February 26, 2018. (Doc. 239.) At the Court's

request, (Doc. 238), the parties provided their positions as to what should happen to the non-GHM Defendants in 13-CV-9239 and the Defendants in the consolidated cases, (Docs. 240-46, 248-52).

Having considered the parties' suggestions, I hereby ORDER that the stay as to the non-GHM Defendants in 13-CV-9239 and the Defendants in the consolidated cases shall be maintained, except that the claims against all such Defendants will be dismissed with prejudice if Plaintiff has not commenced an action to prosecute its claims against GHM in Singapore by June 25, 2018. Counsel for Plaintiff is to advise the Court promptly if such an action is commenced.

Because all presently contemplated proceedings in 13-CV-9239 and the consolidated cases have been completed, and no further proceedings are expected in the near future, there is no reason to maintain those cases as open for statistical purposes. The Clerk of Court is therefore directed to complete a statistical closing report for 13-CV-9239 and the consolidated cases. Nothing contained in this paragraph shall be considered a dismissal or disposition of any such matter, and should further proceedings become necessary or desirable, any party may initiate such proceedings in the same manner as if this paragraph were not contained in this Order.

Dated: April 25, 2018
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

NATE A. GARHART (S.B. # 196872)
(nate@cobaltlaw.com)
VIJAY K. TOKE (S.B. # 215079)
(vijay@cobaltlaw.com)
AMANDA R. CONLEY (S.B. #281270)
(amanda@cobaltlaw.com)

COBALT LLP
918 Parker St., Bldg. A21
Berkeley, California 94710
Telephone: (510) 841-9800
Facsimile: (510) 295-2401

Attorneys for Plaintiff
THE WAVE STUDIO, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE WAVE STUDIO, LLC, a New York Limited Liability Corporation,<br><br>Plaintiff,<br><br>v.<br><br>VISA INC., a Delaware corporation, and DOES 1-100,<br><br>Defendants. | Case No. 3:15-cv-239<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

The Wave Studio, LLC ("Plaintiff"), by its attorneys, Cobalt LLP, for its complaint against Visa Inc. ("Visa") and Does 1-100 (collectively "Defendants") alleges as follows:

## NATURE OF THIS ACTION

1. Plaintiff is the copyright owner of photographic works created by one of its members, Junior Lee. Ms. Lee is a Malaysian photographer who uses her pictures to create distinctive marketing and promotional materials for prominent hotels and renowned travel organizations worldwide. This is an action for copyright infringement arising out of Defendants' unauthorized reproduction, display, distribution, publication, and utilization of several of Plaintiff's photographs in connection with Defendants' promotion and sale of hotel and travel bookings on websites accessed across the United States.

2. Ms. Lee is commissioned either by hotel management companies and promotional agencies or by hotel and travel locations directly to photograph elite hotel properties and destination locales and to create marketing and promotional materials featuring her photographs. However, per the express terms of her contract with such agencies, Plaintiff retains sole and exclusive ownership of all right, title, and interest in and to the underlying photos, as well as the sole and exclusive right to license, distribute, and use the photographs for any and all other purposes.

3. As set forth in more detail below, Defendants have committed blatant acts of copyright infringement by improperly using Plaintiff's photographs without authorization for their own financial gain, including but not limited to, using Plaintiff's photographs in articles, photo galleries, and promotional materials, all of which are generating traffic to and revenue for Defendants and their businesses. By virtue of this action, Plaintiff should be awarded the appropriate injunctive relief and monetary damages to remedy and redress Defendants' rampant,

willful, and continued misuse of Plaintiff's copyrighted photographs.

**JURISDICTION AND VENUE**

4.     This Complaint alleges causes of action under the copyright laws of the United States, Title 17 of the United States Code.

5.     This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff's claims against Defendants arise under Title 17 of the United States Code.

6.     This Court has personal jurisdiction over Visa because Visa has done and continues to do business in this District, including but not limited to entering into contracts with entities in this District and offering its services throughout this District.  This Court also has personal jurisdiction over Visa because, though a Delaware corporation, Visa's headquarters and principal place of business are located in this district at 900 Metro Center Boulevard, Foster City, California 90017.

7.     Pursuant to 28 U.S.C. § 1391 and 1400(a), venue properly lies in this Court because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this judicial District and because Defendants reside or are found within this District within the meaning of 28 U.S.C. Section 1400(a).

**THE PARTIES**

8.     Plaintiff, The Wave Studio, LLC, is a limited liability company organized under the laws of the State of New York, with its principal place of business at One Barker Avenue, #542, White Plains, New York 10601. Plaintiff is a business entity operated by photographer Junior Lee, a Malaysian citizen currently domiciled in Singapore. Ms. Lee creates marketing materials for businesses worldwide using her original works, but retains ownership of all rights, title, and

interest in and to all artistic works used therein. The Wave Studio, LLC was formed to hold, manage, and control the U.S. intellectual property rights to said works, including, but not limited to, several U.S. copyright registrations.

9. Upon information and belief, Defendant Visa, Inc. is a Delaware corporation with its principal place of business at 900 Metro Center Boulevard, Foster City, California 90017. Upon information and belief, Defendant Visa, Inc., itself or through affiliated entities, owns and uses at least the domain names <visasignaturehotels.com>, <visaluxuryhotels.com>, <myvisaluxuryhotels.com>, <visaluxuryhotelcollection.com>, <visainfinitehotels.com>, <visaplatinumhotels.com>, <kiwicollection.com>, <spasofamerica.com>, and <worlds-luxury-guide.com>. Upon information and belief, Defendant Visa regularly transacts or solicits business in this district through, *inter alia*, websites resolving to <visasignaturehotels.com>, <visaluxuryhotels.com>, <myvisaluxuryhotels.com>, <visaluxuryhotelcollection.com>, <visainfinitehotels.com>, <visaplatinumhotels.com>, <kiwicollection.com>, <spasofamerica.com>, and <worlds-luxury-guide.com>.

10. The true names and capacities, whether individual, corporate, or otherwise, of Defendants Does 1 through 100 are presently unknown to Plaintiff, who, therefore, sues them by such fictitious names. Plaintiff expects, but is presently without information sufficient to confirm, that one or more of Defendants distributed Plaintiff's photographs to third parties without Plaintiff's authorization and/or otherwise infringed upon Plaintiff's copyright rights to the works of art at issue in this case, infringing those copyright rights. At such time as Plaintiff ascertains the identity and nature of any such third parties, Plaintiff will seek leave of Court to amend this Complaint accordingly. On information and belief, Plaintiff alleges that each of Does 1 through 100 was the agent, representative, or employee of each of the other Defendants and was acting at

all times within the scope of his, her, or its agency or representative capacity, and that each of Does 1 through 100 are liable to Plaintiff in connection with the claims sued upon here and are responsible in some manner for the wrongful acts and conduct alleged here.

**FACTUAL BACKGROUND**

11. Over her more than 20 year career, Junior Lee has established a widely successful business in travel and hotel photography worldwide. She has photographed numerous storied properties, including The Setai Miami (USA), The Heritage House Mendocino (USA), The Chedi Milan (Italy), The Leela Goa (India), The Chedi Muscat (Oman), The Nam Hai Hoi An (Vietnam), The Chedi Chiang Mai (Thailand), The Chedi Phuket (Thailand), The Datai Langkawi (Malaysia), The Andaman Langkawi (Malaysia), The Saujana Kuala Lumpur (Malaysia), The Club at The Saujana Kuala Lumpur (Malaysia), Carcosa Seri Negara Kuala Lumpur (Malaysia), The Legian Seminyak (Bali), The Club at The Legian Seminyak (Bali), The Chedi Club Ubud (Bali), The Serai Club Jimbaran (Bali), The Lalu Sun Moon Lake (Taiwan), Langsuan Apartment Bangkok (Thailand), Seah St. Apartment (Singapore), GHM Boutique Products (Singapore), The Fullerton Hotel (Singapore), La Pari-Pari Hotel Langkawi (Malaysia), and Four Seasons Great Exuma (Bahamas). Her photographs are highly sought after works of art that businesses worldwide routinely display in the course of promoting their facilities, custom, and trade. Her photographs of The Setai Miami, The Chedi Muscat, The Nam Hai Hoi An, The Chedi Club Ubud, The Chedi Chiang Mai, The Leela Goa, and The Daetai Langkawi (the "Hotel Photographs") are at issue in this matter.

12. Ms. Lee's photography business is promotional in nature. Generally, Ms. Lee is commissioned by her clientele to photograph certain items, personnel, sites, or facilities, modify the images as necessary, and deliver the final product to her clientele for approval. Ms. Lee is

usually compensated via the client's purchase of marketing materials that incorporate her photographs. In other words, the client purchases the marketing materials designed and manufactured by Ms. Lee, inclusive of a limited license to distribute the marketing materials created by Ms. Lee. The client does not purchase the underlying photographs.

13. Ms. Lee specifically reserves all rights to her works that are not otherwise purchased by her clientele. One of the rights she reserves is the ownership of the photographs, including the copyright in and to the same.

14. Ms. Lee, through various business entities (including, but not limited to, Wave-s, The Wave Pte. Ltd. and The Wave Design Pte. Ltd.), obtained copyright registrations from the United States Copyright Office for the Hotel Photographs (collectively and individually, "Copyrighted Works"). True and correct copies of registration certificates for the Copyrighted Works are attached hereto as **Exhibit 1**. These copyright registrations are identified in the following chart:

| Registration Number | Title of Work |
|---|---|
| VA 1-432-325 | Wave-S photographs 2002 |
| VA 1-432-326 | The Wave Design Pte. Ltd. Photographs 2007 (A) |
| VA 1-432-328 | Wave-s Photographs 2003 |
| VA 1-432-329 | Wave-s Photographs 2004 |
| VA 1-432-331 | The Wave Pte. Ltd. Photographs 2005 (A) |
| VA 1-432-332 | The Wave Design Pte, Ltd. Photographs 2005 (B) |
| VA 1-758-524 | Wave-s Photographs 2004 (B) |
| VA 1-825-429 | Wave-s Photographs 2004 (D)-chediclub141 |
| VAu 1-055-458 | The Wave Design Pte. Ltd. Unpublished photographs 2005 (C) setai429 - setai803 |

15. On November 11, 2011, the authors of the Copyrighted Works, by and through Ms. Lee, assigned all right, title and interest in and to the Copyrighted Works to Plaintiff.

16. Plaintiff has never assigned, licensed, or otherwise transferred any interest in and to the

THE WAVE STUDIO, LLC
COMPLAINT
6
Case No. 3:15-cv-239

Copyrighted Works to Defendants or otherwise dedicated them to the public.

17. Defendants did not seek, nor have they ever sought, Plaintiff or Junior Lee's permission to utilize the Hotel Photographs.

18. Plaintiff has never published the photographs covered by Copyright Registration Number VAu 1-055-458 (the "Unpublished Photographs"). Defendants' use of the Unpublished Photographs is unexplained. On information and belief, Defendants obtained two of the Unpublished Photographs from an unknown source other than Plaintiff. On information and belief, Defendants may have obtained the Unpublished Photographs directly from the property that is the subject of those photographs. Thereafter, Defendants published and distributed the Unpublished Photographs without Plaintiff's authorization. Defendants did not seek, nor have they ever sought, Plaintiff's or Junior Lee's permission to utilize the Unpublished Photographs.

19. Despite having no permission, consent, or license to do so from Plaintiff, Defendants have used and continue to use the Hotel Photographs in violation of Plaintiff's exclusive rights as a copyright owner, and have not compensated Plaintiff for such use.

20. Upon information and belief, the Hotel Photographs that are the subject of the Copyrighted Works have been seen and continue to be seen by thousands of users in the United States and worldwide on a daily basis.

21. Upon information and belief, Defendants have utilized the Hotel Photographs for purposes of trade, including promoting and advertising the bookings to the boutique and high-end hotels featured in those Copyrighted Works, thus realizing significant revenue, all without Plaintiff's authorization.

////

////

# FIRST CLAIM FOR RELIEF
## Copyright Infringement
### (17 U.S.C. § 101 *et seq.*)

22. Plaintiff repeats and realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 21 above.

23. Defendants have directly infringed Plaintiff's Hotel Photographs that are the subject of the Copyrighted Works by reproducing, displaying, and/or distributing unauthorized copies of Plaintiff's photographs in violation of 17 U.S.C. § 501 *et seq*.

24. Defendants copied Plaintiff's entire images for their own personal commercial gain. Moreover, Defendants' use of the Hotel Photographs is for the exact same purpose as Plaintiff's intended use: to promote and market hotel properties and destination locations. Thus, there is no added benefit to the public from having Defendants display Plaintiff's Hotel Photographs.

25. Specifically, without authorization or consent, Defendants have reproduced, displayed, and/or distributed at least Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-325; VA 1-432-326; VA 1-432-328; VA 1-432-329; VA 1-432-331; VA 1-432-332; VA 1-758-524; VA 1-825-429; and VAu 1-055-458. True and correct copies of Defendants' websites demonstrating their unauthorized use of Plaintiff's Copyrighted Works are attached as **Exhibit 2**.

26. Defendants' infringement of Plaintiff's rights in and to each of the Hotel Photographs that are the subject of the Copyrighted Works constitutes a separate and distinct act of infringement.

27. Upon information and belief, Defendants knew or should have known that their acts constituted copyright infringement.

28. Defendants' conduct was willful within the meaning of the Copyright Act.

29. Plaintiff has been damaged by Defendants' conduct, including, but not limited to, economic losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy

at law to compensate Plaintiff for all the possible damages stemming from the Defendants' conduct.

30. Because of the willful nature of the Defendants' conduct, Plaintiff is entitled to, at its election, an award of statutory damages for each instance of copyright infringement by Defendants, in lieu of recovery of exemplary damages, as well as attorneys' fees, and all associated costs.

**SECOND CLAIM FOR RELIEF**
**Contributory Copyright Infringement**
**(17 U.S.C. § 101 *et seq*.)**

31. Plaintiff repeats and realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 30 above.

32. By distributing and/or offering to distribute the Hotel Photographs to their third party partners, affiliates, and clients, Defendants have induced, caused, and/or materially contributed to the infringing conduct of third parties. Defendants did so with the intention of having those third parties to whom they distributed Hotel Photographs display the photographs on their websites, in violation of Plaintiff's copyright rights. Therefore, Defendants have specific knowledge of the infringement of Plaintiff's copyright rights in the Hotel Photographs by the entities to which they distributed the Hotel Photographs.

33. Defendants' contributory infringement of Plaintiff's rights in and to each of the Copyrighted Works constitutes a separate and distinct act of contributory infringement.

34. Upon information and belief, Defendants have realized profit by virtue of their contributory infringement of Plaintiff's copyrights.

35. Upon information and belief, Defendants knew or should have known that their acts constituted contributory copyright infringement.

1  36.  Defendants' conduct was willful within the meaning of the Copyright Act.

2  37.  Plaintiff has been damaged by Defendants' conduct, including, but not limited to, economic losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all the possible damages stemming from the Defendants' conduct.

3  38.  Because of the willful nature of the Defendants' conduct, Plaintiff is entitled, at its election, to an award of statutory damages for each instance of contributory copyright infringement by Defendants, in lieu of recovery of exemplary damages, and in addition to attorneys' fees, and all associated costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants as follows:

A.  That Defendants have infringed, directly or indirectly, Plaintiff's rights in the Copyrighted Works;

B.  For entry of preliminary and permanent injunctions providing that Defendants and their officers, agents, servants, and those persons in active concert or participation shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted Works;

C.  For entry of preliminary and permanent injunctions providing that Defendants shall immediately remove all copies of the Copyrighted Works from their websites and/or immediately seek a license from Plaintiff for their use;

D.  For Plaintiff's damages and Defendant's profits in such amount as may be found; alternatively, for maximum statutory damages in the amount of $150,000 with respect to each copyrighted work infringed either directly or indirectly, or for such other amounts as may be proper pursuant to 17 U.S.C. 504(c);

1   E.  For entry of judgment that Defendants shall pay Plaintiff's costs and attorneys' fees incurred in this action, pursuant to 17 U.S.C. § 505;

F.  For entry of judgment that Plaintiff be granted such other relief as the Court deems just, equitable and proper.

Dated: January 16, 2015

COBALT LLP

By /s/ Nate A. Garhart
Nate A. Garhart

Attorneys for Plaintiff
The Wave Studio, LLC

## JURY DEMAND

The Wave Studio, LLC respectfully requests a jury trial on all issues triable thereby.

Dated: January 16, 2015

COBALT LLP

By: /s/ Nate A. Garhart
Nate A. Garhart

Attorneys for Plaintiff
The Wave Studio, LLC